Harold HIEBERT, d/b/a Hiebert Contracting Company, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. No. A–31–62.

United States District Court
D. Alaska,
at Anchorage.

Sept. 21, 1964.

Eben H. Lewis, of Robison, McCaskey & Lewis, Anchorage, Alaska, for plaintiff..

H. Russel Holland, Asst. U. S. Atty., Anchorage, Alaska, for defendant.

PLUMMER, District Judge.

The above-entitled cause came on regularly for trial on September 8, 1964, and the Court, having duly considered the evidence before it at the completion of plaintiff's case and being fully advised in the premises, now finds the following pursuant to Rule 41(b) and 52(a), Federal Rules of Civil Procedure:

## FINDINGS OF FACT

### I.

At all times here involved plaintiff was engaged in the general contracting business and did business under the name and style of Hiebert Contracting Company.

### II.

On April 30, 1958, plaintiff and defendant entered into a contract whereby plaintiff agreed to construct for defendant a high school building at Dillingham, Alaska, under the Alaska Public Works Program, 48 U.S.C.A. § 486 et seq., as amended. This project was designated Aaa 50–A–235.

### III.

Matanuska Plumbing and Heating Company, a co-partnership of Charles Newton and Richard Newton, obtained from plaintiff a subcontract to perform plumbing and heating work under the prime contract.

### IV.

During the course of construction numerous disputes arose between plaintiff on behalf of his subcontractor, Matanuska Plumbing and Heating Company,

and the Alaska Public Works contracting officer on behalf of the defendant.

### V.

The aforementioned disputes resulted in a Miller Act suit brought by the subcontractor against plaintiff, in which suit the subcontractor prevailed.

### VI.

Subsequent to the decision in the above-mentioned suit, plaintiff commenced this action under the provisions of 28 U.S.C.A. § 1346(a) (2), seeking to recover on the basis of the contract itself for work performed by Matanuska Plumbing and Heating Company and paid for by plaintiff, which work was alleged to be beyond the requirements of the plans and specifications which were a part of plaintiff's contract.

### VII.

It was provided in Part III, Section 5, of the contract between plaintiff and defendant that:

> "The work shall be done under the technical supervision of the contracting officer. The contracting officer shall decide any and all questions of fact which may arise as to the quality or acceptability of materials furnished and work performed, the manner of performance and rate of progress of the work, and shall decide all questions of fact which may arise as to the interpretation of the plans and specifications, and as to acceptable fulfillment of the contract on the part of the contractor. All such decisions by the contracting officer shall be subject to appeal as provided in Clause 6 of Standard Form 23A— General Provisions—Construction Contracts."

### VIII.

Clause 6 of Standard Form 23A was amended by plaintiff and defendant in paragraph 37 of the General Provisions of their contract to read as follows:

> "Disputes—Except as otherwise provided in this contract, any dispute concerning a question of fact arising under this contract which is not disposed of by agreement shall be decided by the Contracting Officer, who shall furnish to the Contractor a written copy of his decision. Such decision shall be final and conclusive unless within 30 days from the date of receipt thereof, the Contractor appeals therefrom by mailing or otherwise furnishing to the Contracting Officer a written appeal addressed to the Secretary. The decision of the Secretary of [sic] his duly authorized representatives upon such appeal shall be final and conclusive unless the decision is fraudulent or capricious or arbitrary or so grossly erroneous as necessarily to imply bad faith, or is not supported by substantial evidence. In connection with any appeal proceeding under the 'Disputes' clause, the Contractor shall be afforded an opportunity to be heard and to offer evidence in support of its appeal. Pending final decision of a dispute hereunder, the Contractor shall proceed diligently with the performance of the contract and in accordance with the Contracting Officer's decision."

## CONCLUSIONS OF LAW

### I.

The issue raised by plaintiff's complaint as to whether or not work performed by plaintiff's subcontractor, Matanuska Plumbing and Heating Company, was required by the plans and specifications of the contract between plaintiff and defendant is a question of fact.

### II.

Inasmuch as plaintiff and defendant agreed in the portions of their contract above set forth that such questions of fact as disputes between them as to whether or not work and materials were in conformity with the plans and specifications of their contract should be dealt with as therein set forth, this Court is without jurisdiction over plaintiff's com-

468

plaint, which seeks directly the enforcement of plaintiff's interpretation of the plans and specifications rather than seeking review of a decision rendered under the disputes clause of the contract.

### III.

If any administrative remedy is still open to plaintiff, he may pursue it if he chooses; however, plaintiff's complaint is dismissed on the merits with prejudice.